JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Elizabeth Diaz, <br><br> Plaintiff, <br><br> v. <br><br> Santa Monica Beach Hotel <br><br> Corporation et al, <br><br> Defendants. | 2:20-cv-05667-VAP-JPRx <br><br> **Order GRANTING Plaintiff's Motion to Remand (Dkt. 8).** |

    Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Elizabeth Diaz ("Diaz") on July 23, 2020.  (Dkt. 8).  Defendants Loews Santa Monica Hotel, Inc. ("Loews") and Lizette Saucedo ("Saucedo") filed opposition on August 3, 2020 (Dkt. 9), and Diaz replied on August 10, 2020 (Dkt. 12).  After considering all papers filed in connection with the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  The Court GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Los Angeles.

## I. BACKGROUND

    Diaz filed her complaint against Defendants in Los Angeles Superior Court on April 20, 2020.  (Dkt. 1-1 at 4–14, "Complaint").  The Complaint asserts four claims against Loews only, as well as one claim against all defendants for harassment in violation of California's Fair Employment and Housing Act

1

("FEHA"). (*See id.*). Defendants removed the action on June 25, 2020. (Dkt. 1). Diaz now seeks to remand the case to state court, arguing removal was defective for failure to establish diversity of citizenship, as required by 28 U.S.C. § 1332. (*See generally* Dkt. 8).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

The parties do not dispute that both Diaz and Saucedo are California citizens (*see* Dkt. 1 at 4; Dkt. 8 at 8) or that Loews is a citizen of Delaware and New York (Dkt. 1 at 3). Thus, while Diaz and Loews are diverse from each other, Diaz is not diverse from Saucedo. Nonetheless, Defendants contend removal based on diversity jurisdiction is proper, because Saucedo is a sham defendant. (Dkt. 1 at 4–5). When there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently-joined party in determining whether there is complete diversity. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established by the second method if a defendant shows that an "individual [] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (emphasis added) (citing *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Thus, "[i]f there is a non-fanciful

possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

Defendants argue, and Diaz does not contest, that only the Complaint's fifth claim—for harassment—can potentially state a cause of action against Saucedo. (*See* Dkt. 1 at 16–17; *see generally* Dkt. 8). Defendants contend Diaz "has no possibility of succeeding on her harassment claim because all the allegations of 'harassment' against Saucedo consist of 'personnel management' actions and thus do not constitute harassment." (Dkt. 9 at 6).

California courts distinguish harassment from discrimination in the employment context. *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62–65 (1996). "[H]arassment includes, but is not limited to, verbal epithets or derogatory comments, physical interference with freedom of movement, derogatory posters or cartoons, and unwanted sexual advances. . . . [H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Id.* at 63. "Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties. While harassment is not a type of conduct necessary to personnel management, making decisions is a type of conduct essential to personnel management. While it is possible to avoid making personnel decisions on a prohibited discriminatory basis, it is not possible either to avoid making personnel decisions or to prevent the claim that those decisions were discriminatory." *Id.* at

63–64.  As a result, "individual supervisory employees" may be liable for harassment but not for discrimination.  *Id.* at 62–65.

Defendants argue Diaz's allegations of "harassment" describe personnel management decisions that could at most support a claim for discrimination against Loews but fail to state a claim for harassment against Saucedo.  (*See* Dkt. 9 at 7–9).  Diaz counters that (1) the Complaint identifies several harassing "interactions, communications, and messages" involving Saucedo (Dkt. 8 at 11–14), and (2) she could amend her pleadings to buttress the allegations of harassment (*id.* at 16).[1]

The burden on a non-moving party to resist a motion to remand—to show there is *no possibility* a state court would find the complaint states a cause of action against any resident defendant, *Hunter*, 582 F.3d at 1046—is heavy, and Defendants fail to carry it here.  The Complaint contains several allegations suggestive of harassing behavior that could support a FEHA harassment claim against Saucero.  (*See* Dkt. 8 at 11–14).  Although Defendants argue these allegations lack specificity, the Court both reiterates that the inquiry is simply whether Diaz *may be able to* state a claim and notes that employment harassment cases are particularly unsuited to satisfying the removal standard, as they "present issues of intent, and motive, and hostile working environment, issues not determinable on paper."  *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 286 (2009).  Given the "strong presumption" against removal, *Gaus*, 980 F.2d at 566, there is a distinct "possibility that plaintiff can state a claim under California law against" Saucero, *Macey*, 220 F. Supp. 2d at

---

[1] Diaz asks the Court for leave to file an amended complaint, a draft of which is attached as Exhibit B to the Motion.  (*See* Dkt. 8 at 16).  Because the case must be remanded, however, the Court lacks jurisdiction to rule on the matter.

5

1117. *See also Bravo v. Foremost Ins. Grp.*, 1994 WL 570643, at *2 (N.D. Cal. Oct. 11, 1994) ("The court must evaluate plaintiff's allegations in the light most favorable to plaintiffs. The court must resolve all contested issues of substantive fact in favor of the plaintiff. In resolving this issue, the court must further resolve all ambiguities of the state law in favor of the plaintiffs."). Moreover, nothing in the record bears the tell-tale signs that Diaz does not intend to prosecute her claim against Saucero. *Cf. Lewis v. Time Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

In sum, Defendants have not shown that Diaz is unable "to establish a cause of action against the non-diverse party in state court," *Hunter*, 582 F.3d at 1044, and therefore fail to meet their "heavy burden" to rebut the "general presumption against [finding] fraudulent joinder[,]" *GranCare*, 889 F.3d at 548.

### IV.  CONCLUSION

The Court GRANTS the Motion to Remand and REMANDS the action to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated:   8/20/20

Virginia A. Phillips
United States District Judge